IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Leon James,<br><br>        Plaintiff,<br><br>vs.<br><br>Nielson Media Research; Nancy Skaar,<br><br>        Defendants. | Civil Action No. 6:15-cv-03052-GRA-KFM |

**DEFENDANT THE NIELSEN COMPANY (US), LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Nielsen Company (US), LLC (Defendant),[1] answering the Complaint of Plaintiff David Leon James ("Plaintiff"), would respectfully show as follows:

**AS TO SECTION I – PREVIOUS LAWSUITS**

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the Complaint regarding Plaintiff's previous lawsuits and, therefore, denies the same.

**AS TO SECTION II – PARTIES**

Defendant denies the allegations of the Complaint regarding the proper names and addresses of the Defendants. Further answering, Nielsen Media Research, Inc. was dissolved in 2008. Moreover, Nancy Skaar[2] neither works nor resides in Oldsmar, Florida.

---

[1] At all times relevant to the events alleged in his Complaint, Plaintiff was employed by The Nielsen Company (US), LLC. Nielsen Media Research is not a proper defendant to this action. Defense counsel will accept service of an amended summons and pleadings reflecting The Nielsen Company (US), LLC as the sole defendant in this action.

[2] Upon information and belief, Ms. Skaar has not yet been served with the Summons and

## AS TO SECTION III – STATEMENT OF CLAIMS

1. Defendant admits so much of the allegations of numbered paragraph 1 of the Complaint as allege that Defendant formerly employed Plaintiff as a Membership Representative. Defendant denies the remainder of the compound allegations of paragraph 1 of Section III of the Complaint.

2. Defendant denies the compound allegations of numbered paragraph 2 of Section III of the Complaint.

3. Defendant denies the compound allegations of numbered paragraph 3 of Section III of the Complaint.

4. Defendant denies the allegations of numbered paragraph 4 of Section III of the Complaint.

## AS TO SECTION IV - RELIEF

With respect to Plaintiff's request(s) for relief, Defendant states that such request(s) contain no allegations to which it must respond. To the extent that a response is necessary, Defendant denies any and all liability and further denies that Plaintiff is entitled to any relief from Defendant.

Having fully answered Plaintiff's Complaint, Defendant sets forth the following additional and affirmative defenses.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Plaintiff's Complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted. Defendant further

---

Complaint in this action.

reserves the right to assert other affirmative and additional defenses and/or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

1. "Nielsen Media Research" is not a proper party to this litigation as it was not Plaintiff's employer.

2. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.

3. Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

5. To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

6. Defendant's compensation and timekeeping practices were adopted in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals and/or interpretations of the United States Department of Labor, and therefore may not give rise to liability for back wages pursuant to 29 U.S.C. § 259.

7. Defendant did not engage in any willful violation of the FLSA.

8. Even if the allegations contained in Plaintiff's complaint are true, which Defendant denies, Plaintiff is only entitled to half-time compensation under 29 C.F.R. § 778.114 for any hours worked over 40 per workweek.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel, laches, and/or waiver, specifically because Plaintiff failed to properly record all time worked.

10. Plaintiff's claims under the FLSA are barred to the extent that Plaintiff submitted false or inaccurate time records.

11. Plaintiff's claims are barred, in whole or in part, to the extent he worked fewer than forty hours in any week and was paid at or above minimum wage.

12. Plaintiff has failed to mitigate his damages, if any. To the extent that Plaintiff has received any income from other employment and other sources, such monies must be offset against any damages allegedly due to Plaintiff from Defendant.

13. Defendant reserves the right to assert any such additional defenses as circumstances may dictate and which become known during the course of this litigation.

WHEREFORE, having fully answered, Defendants pray that Plaintiff take nothing by his Complaint; that the Plaintiff's Complaint be dismissed with prejudice and in its entirety; that judgment be entered against Plaintiff, and in favor of Defendants, for all costs and fees incurred by Defendants in defending this action; and that Defendants be granted such other and further relief as the Court may deem just and proper.

September 30, 2015

**LITTLER MENDELSON, P.C.**

*/s/ D. Michael Henthorne*
D. Michael Henthorne
Federal ID No. 06386

- 5 -

Capitol Center Tower
1201 Main Street
Suite 1930
Columbia, SC  29201
Telephone:  803.231.2414
Facsimile:  803.799.9837
mhenthorne@littler.com

Attorney for Defendant The Nielsen Company (US), LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2015, the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and was mailed via First Class Mail to the Pro Se Plaintiff as follows:

> David Leon James
> 200 Dogahatchie Trail
> Greenville, SC  29611

_____
D. Michael Henthorne