**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

David Leon James,

               Plaintiff,

    vs.

Nielsen Media Research; Nancy Skaar,

            Defendants.

C/A No. 6:15-cv-03052-TMC-KFM

**DEFENDANTS' MOTION FOR SANCTIONS**
**(Plaintiff's Failure to Attend Deposition)**

Pursuant to Fed. R. Civ. P. 41(b), Defendants The Nielsen Company (US), LLC and Nancy Skaar ("Defendants") moves to sanction Plaintiff for failure to appear for his deposition and for failure to prosecute. In support of this motion, states as follows:

1.     Plaintiff filed this action against Defendants on August 4, 2015 (Docket Entry # 1).

2.     On January 21, 2015, after confirming Plaintiff's availability by email, counsel for Defendants noticed Plaintiff's deposition for Friday, February 19, 2016 at 9:00 am at defense counsel's office in Columbia, South Carolina. Notice of the deposition was sent to Plaintiff via email on January 21, 2015. *See* Deposition Notice and Correspondence (Exhibit A).

3.     Plaintiff failed to appear for his properly noticed deposition without explanation. *See* Certificate of Nonappearance of David Leon James (Exhibit B). Plaintiff has not communicated with defense counsel since then to explain his failure to appear or to attempt to reschedule.

4.     Additionally, on February 8, 2016, Defendants served their First Set of Interrogatories, First Set of Requests for Production, and First Requests for Admission upon Plaintiff ("Defendants' written discovery") by certified mail (Exhibit C).[1]  Based on the date of service, Plaintiff's answers and responses are due on March 9, 2016.  On or about February 29, 2016, Defendants' written discovery was returned as unclaimed, despite three attempts, and ultimately undelivered.

5.     Pursuant to the Court's October 2, 2015 Scheduling Order, (Docket Entry # 25), the deadline for discovery in this case is March 15, 2016.  The deadline for dispositive motions is March 25, 2016.

6.     Under Rule 37, the Court may impose sanctions, including dismissal of the action, for the failure to obey a discovery order. See Fed. R. Civ. P. 37(b)(2).  A complaint may be dismissed pursuant to Rule 41(b) for failure to prosecute and/or failure to comply with orders of the court.  *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982).

7.     In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of less drastic sanctions other than dismissal.  *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *see also Ballard*, 882 F.2d at 95-96.

8.     The standards for a Rule 37(b)(2) dismissal and a Rule 41(b) dismissal for failure to obey an order to respond to discovery are "virtually the same."  *Carter v. Univ. of W. Va. Sys.*, No. 93-1905, 1994 U.S. App. LEXIS 10810, 1994 WL 192031, at *2 (4th Cir. May 16, 1994).

---

[1] Although the letter serving Defendants' written discovery states that the discovery was sent via regular mail, it was sent via certified mail to track delivery and the corresponding date of service.

However, the Fourth Circuit has emphasized the importance of establishing a history of dilatory action and warning to the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations.  *See, e.g., Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *Choice Hotels Int 'I, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993) (court must give the noncomplying party an "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (stating that warning was a "salient fact" that distinguished cases in which default judgment was an appropriate sanction for discovery abuse under Rule 37).

9.     Here, Plaintiff has failed to appear for his properly noticed deposition without explanation.  He has also failed to claim and accept delivery of Defendant's written discovery. The discovery period in this case closes in less than two weeks, and Plaintiff's failure to appear for his deposition or accept delivery of Defendant's written discovery have interfered with Defendants' ability to obtain any information from Plaintiff about his claims.

10.     Plaintiff's refusal to participate in the discovery process, which significantly hampers Defendants' ability to defend itself against Plaintiff's claims, renders sanction appropriate.  That Plaintiff is proceeding *pro se* does not alter this result.  "If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th  Cir. 1989).

11.     Plaintiff should be required to reimburse Defendants for (a) the reasonable travel expenses associated with its corporate representative, Nancy Skaar, to attend the deposition in Columbia, South Carolina; (b) the court reporter's appearance fee; and (c) the attorneys' fees and costs associated with preparing this motion.

12.     Defendants further request that this Court issue an explicit and clear warning to Plaintiff that dismissal of the action may result for any additional failure by Plaintiff to comply with his discovery obligations.

13.     Finally, after the Court issues its clear warning to Plaintiff, Defendants request that they be afforded an additional 60 to 90 days to complete their discovery. The remaining deadlines in the Court's October 2, 2015 Scheduling Order (Docket Entry # 25) should be extended by a similar period as to Defendants.[2] So as not to reward his failure to participate in discovery, the discovery period should not be extended as to Plaintiff, who has declined to serve any written discovery or take any depositions to date.

Accordingly, Defendants The Nielsen Company (US), LLC and Nancy Skaar respectfully request that the Court grant this motion, impose such sanctions as it deems appropriate under the circumstances, and extend the Court's October 2, 2015 Scheduling Order for Defendants to complete their discovery, file their dispositive motion, and complete mediation. Defendants further request that the Court grant such other and further relief to which it may be justly entitled.

March 3, 2016

**LITTLER MENDELSON, P.C.**

/s/ D. Michael Henthorne
D. Michael Henthorne
Federal ID No. 06386
Capitol Center Tower
1201 Main Street
Suite 1930
Columbia, SC  29201
Telephone:  803.231.2414
Facsimile:  803.799.9837
mhenthorne@littler.com

---

[2] The Court's October 2, 2015 Scheduling Order has not previously been extended.

Attorney for Defendants The Nielsen Company
(US), LLC and Nancy Skaar


### CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2016, the foregoing was filed electronically through the

ECF system, is available for viewing and downloading from the ECF system, and was mailed via

First Class Mail to the Pro Se Plaintiff as follows:

David Leon James
200 Pocahatchie Trail
Greenville, SC  29611


/s/ D. Michael Henthorne
D. Michael Henthorne