IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David Leon James, ) | |
| ) | Civil Action No. 6:15-3052-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Nielsen Media Research and ) | |
| Nancy Skaar, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This matter is before the court on the defendants' motion for sanctions pursuant to Federal Rules of Civil Procedure 37 and 41 (doc. 39). The plaintiff, who is proceeding *pro se*, filed a complaint on August 4, 2015, alleging defendant Nielsen Media Research, his former employer, and Nancy Skaar, his former manager, improperly deducted time from his commute and required him to work overtime without compensation. The plaintiff seeks back pay for the deducted hours and unreported overtime (doc. 1 at 4, 6). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## PROCEDURAL HISTORY

    On January 21, 2016, after confirming the plaintiff's availability by email, counsel for the defendants noticed the plaintiff's deposition for Friday, February 19, 2016, at 9:00 a.m. at defense counsel's office in Columbia, South Carolina. Notice of the deposition was sent to the plaintiff via First Class Mail at his address of record in this case (doc. 39-1). The plaintiff failed to appear without explanation (doc. 39-2). The plaintiff has not communicated with defense counsel since that time to explain his failure to appear or to reschedule the deposition.

On February 8, 2016, the defendants served written discovery on the plaintiff by certified mail (doc. 39-3). Based on the date of service, the plaintiff's answers and responses were due on March 9, 2016. On or about February 29, 2016, the defendants' written discovery was returned as unclaimed, despite three attempts, and ultimately undelivered (*id.*).

Pursuant to the court's October 2, 2015, scheduling order (doc. 25), the deadline for discovery in this case was March 15, 2016. The deadline for dispositive motions was March 25, 2016. The defendants filed the instant motion on March 3, 2016 (doc. 39). On March 22, 2016, an order (doc. 41) was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 209 (4th Cir. 1975), giving the plaintiff an additional thirty-four days to respond to the defendants' motion and advising the plaintiff of the consequences if he failed to respond. The plaintiff's response was due on April 25, 2016. The plaintiff has not responded.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 37(b)(2)(A) governs the appropriate sanctions for failure to obey a discovery order, stating in pertinent part: "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . , the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part; . . . ." Fed. R. Civ. P. 37(b)(2)(A). Rule 37(d) provides that a party's failure, after being served with proper notice, to attend his own deposition or answer discovery may be sanctioned by the court as provided in Rule 37(b)(2)(A). *Id.* 37(d)(3). Similarly, Rule 41(b) provides that a complaint may be dismissed for failure to prosecute and/or failure to comply with orders of the court. *Id.* 41(b). *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

A court should consider the following factors in determining what sanctions to impose under Rule 37: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes

an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. and Loan Ass'n v. Richards & Assocs. Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of the plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant caused by the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of less drastic sanctions other than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citation omitted). "Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41, 'the court can combine its analysis of the question of whether dismissal is appropriate under' both Rules." *Woods v. Wells Fargo Bank, N.A.*, C.A. No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. 2012) (citation omitted).

The Fourth Circuit has emphasized the importance of establishing a history of dilatory action and warning to the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations. *See, e.g., Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).

The defendants seek the following sanctions[1] against the plaintiff: reimbursement of reasonable travel expenses of defendant Skaar to attend the plaintiff's deposition; the court reporter's appearance fee; and the attorneys' fees and costs associated with preparing the instant motion (doc. 39 at 3). The defendants further request that the court issue an "explicit and clear warning" to the plaintiff that dismissal of the action may result for any additional failure to comply with his discovery obligations. The defendants also request that they be afforded an additional 60 to 90 days to complete their

---

[1] Rule 41(b) provides in pertinent part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). While the defendants state that the motion is made, in part, pursuant to Rule 41(b), they do not actually request that the case be dismissed.

3

discovery with the remaining scheduling order deadlines extended by a similar period as to the defendants only (*id.* at 4).

The undersigned finds that the appropriate remedy is dismissal of the instant action. The plaintiff has failed to appear for his properly noticed deposition without explanation. He has also failed to claim and accept delivery of written discovery. The discovery period provided in this court's scheduling order (doc. 25) has closed, and the plaintiff's failure to appear for his deposition and accept delivery of discovery have interfered with the defendants' ability to obtain any information from the plaintiff about his claims. Further, the defendants have expended significant time, money, and resources in preparing for, traveling to, and attending the plaintiff's deposition. Moreover, the plaintiff's conduct in refusing to appear for his deposition demonstrates a failure to prosecute his own action, which has impeded the defendants' ability to complete discovery and to prepare their defense in this action. Importantly, the plaintiff also failed to file any response to the instant motion. In the modified *Roseboro* order filed on March 22, 2016, the undersigned explained that the defendants have moved for sanctions under Rules 37 and 41 based on the plaintiff's failure to attend his deposition and to respond to discovery. The applicable standards for the court's consideration under Rules 37 and 41 were set out in the order as well as the following clear warning to the plaintiff: "You have 34 days from the date of this order to file any material in opposition to the motion that the defendants filed. If you fail to respond adequately, the court may grant the defendants' motion, which may end your case" (doc. 41 at 2). It is of no significance that the plaintiff is proceeding *pro se* in this matter, as *pro se* litigants are subject to the same requirements as other litigants. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1969) (stating that *pro se* litigants are subject to the same respect for court orders as other litigants). The undersigned further finds that sanctions less drastic than dismissal would be inappropriate in this case.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendants' motion for sanctions (doc. 39) should be granted in part. Rather than the specific sanctions requested by the

defendants, the undersigned recommends that the instant action be dismissed pursuant to Rules 37(d) and 41(b) based upon the plaintiff's failure to attend his own deposition, failure to participate in discovery, failure to respond to the defendants' motion, and overall failure to prosecute his case.

      IT IS SO RECOMMENDED.

                                        s/ Kevin F. McDonald  
                                        United States Magistrate Judge

April 28, 2016  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).