IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| David Leon James, | ) | |
| | ) | Civil Action No. 6:15-3052-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Nielsen Media Research and | ) | |
| Nancy Skaar, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, David Leon James, filed this action alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Defendants filed a motion for sanctions. (ECF No. 39). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss Plaintiff's action pursuant to Federal Rules of Civil Procedure 37(d) and 41(b). (ECF No. 44). The parties were advised of their right to file objections to the Report, (ECF No. 44 at 6); however, no objections have been filed, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

As a threshold matter, the court notes that Plaintiff failed to respond to Defendants' motion for sanctions, even after the magistrate judge entered a modified *Roseboro* order extending Plaintiff's response time by thirty-four days. (ECF No. 41). Significantly, the *Roseboro* order explained the substance of Defendants' motion and the possible ramifications of Plaintiff's failure to respond. (*Id.* at 2). Thus, having considered the entire record and the factors articulated in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982), and *Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989), the court agrees with the magistrate judge that Plaintiff's failures to attend his own deposition, participate in discovery, respond to the instant motion, and generally prosecute his case warrant dismissal of his complaint. Although Defendants' motion does not explicitly request a dismissal, it asks the court to "impose such sanctions as it deems appropriate," (ECF No. 39 at 4), and at any rate, a district court may, on its own motion, dismiss a case for failure to prosecute. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

Accordingly, after a thorough review of the record in this case, the court adopts the Report (ECF No. 44) and incorporates it herein. Defendants' motion for sanctions (ECF No. 39) is, therefore, **GRANTED in part** such that Plaintiff's action is **DISMISSED** pursuant to Federal Rules of Civil Procedure 37(d) and 41(b).

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

June 17, 2016
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.